UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Rockford Division

_____

DESIGN BASICS, LLC; PLAN
PROS, INC.; and CARMICHAEL &
DAME DESIGNS, INC.,

                          Plaintiffs,           Case No: 3:16-cv-50157

                 v.                                 District Judge:
                                             Magistrate Judge:

THREE HAMMER CONSTRUCTION,
INC.; ELMWOOD ENTERPRISES VI,
L.L.C.; MBH, L.L.C; MERLE E.
HAMMACK; BRENT E. HAMMACK;
IRVIN L. HAMMACK; DARRELL E.       **JURY DEMANDED**
HAMMACK; GLENN D. HAMMACK;
AND DAVID A. HAMMACK,

                        Defendants.

_____

***PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT***
_____

      Plaintiffs, Design Basics, LLC (hereinafter "DB"), Plan Pros, Inc. (hereinafter "PPI") and Carmichael & Dame Designs, Inc. (hereinafter "CDD") (collectively "Plaintiffs") by its attorneys, Dana A. LeJune and Michael T. Hopkins, file this cause of action against the Defendants, Three Hammer Construction, Inc. ("Three Hammer"), Elmwood Enterprises VI, LLC ("Elmwood Enterprises"), MBH, LLC ("MBH") (collectively, the "Entity Defendants"), Merle E. Hammack, ("Merle H"), Brent E.

Hammack, ("Brent H"), Irvin L. Hammack, ("Irvin H"), Darrell E. Hammack, ("Darrell H"), Glenn D. Hammack, ("Glenn H"), and David A. Hammack, ("David H") (collectively, the "Non-Entity Defendants") and show:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4. Plaintiff, PPI is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

5. Plaintiff CDD is a Texas Corporation engaged in the business of creating, publishing, and licensing architectural plans and designs, with its principal office located in Houston, Texas.

6. Defendant, Three Hammer is a for-profit Illinois corporation with a principal office of 1515 Elmwood Road, Rockford, Illinois, 61103. Three Hammer is in the business of marketing, development, construction and sales of residential

houses. Service of citation may be had upon Three Hammer by serving Summons upon Merle E. Hammack, its Registered Agent at 1515 Elmwood Road, Rockford, Illinois 61103.

7. Defendant Elmwood Enterprises is a for-profit Illinois limited liability company with a principal office of 1515 Elmwood Road, Rockford, Illinois, 61103. Elmwood Enterprises is in the business of marketing and selling of lumber and/or other building supplies. Service of citation may be had upon Elmwood Enterprises by serving Summons upon Merle E. Hammack, its Registered Agent at 1515 Elmwood Road, Rockford, Illinois, 61103.

8. Defendant MBH is a for-profit Illinois limited liability company with a principal office of 13204 Keelson Dr., Rockton, Illinois, 61072. Upon information and belief, MBH is in the business of marketing, development, and sales of residential houses and subdivisions. Service of citation may be had upon MBH by serving Summons upon Brent E. Hammack, its Registered Agent at 13204 Keelson Dr., Rockton, Illinois, 61072.

9. Defendant Merle E. Hammack is an individual residing in Rockton, Illinois and the President, Officer, Director, Manager and/or Principal of entity Defendants. He may be served with Summons at 751 Old River Road, Rockton, Winnebago County, Illinois 61072 or such other place as he may be found.

10. Defendant Brent E. Hammack is an individual residing in Rockton, Illinois and an Officer, Director, Manager and/or Principal of the entity Defendants. He may be served with Summons at 4609 Edenberry Lane, Rocton, Illinois, 61072, or 1515 Elmwood, Rockford, Illinois 61103, or such other place as he may be found.

11. Defendant Irvin L. Hammack is an individual residing in Rockton, Illinois and an Officer, Director, Manager and/or Principal of the entity Defendants. He may be served with Summons at 747 Old River Road, Rockton, Illinois, 61072, or 1515 Elmwood, Rockford, Illinois 61103, or such other place as he may be found.

12. Defendant Darrell E. Hammack is an individual residing in Loves Park, Illinois and an Officer, Director, Manager and/or Principal of the entity Defendants. He may be served with Summons at 350 Glendale Road, Loves Park, Illinois, 61111, or 1515 Elmwood, Rockford, Illinois, 61103, or such other place as he may be found.

13. Defendant Glenn D. Hammack is an individual residing in Rockton, Illinois and is an Officer, Director, Manager and/or Principal of the entity Defendants. He may be served with Summons at 755 Old River Road, Rockton, Illinois, 61072, or 1515 Elmwood, Rockford, Illinois, 61103, or such other place as he may be found.

14. Defendant David A. Hammack is an individual residing in Lakeview, Illinois and is an Officer, Direct, Manager and/or Principal of the entity Defendants. He may be served with Summons at 758 Lakeview Drive, Wheeling,

Illinois, 60090, or 1515 Elmwood, Rockford, Illinois, 61103, or such other place as he may be found.

## Facts

15. Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

16. DB is the sole original author and owner of a large number of architectural works, including those entitled the "1748 Sinclair", "2638 Linden", "1767 Rosebury", "2311 Pinehurst", "898 Hannibal", "2203 Ashton", "8088 Shadow Pines", "8091 Winter Woods".

17. PPI is the sole original author and owner of a large number of architectural works, including one titled "29373 Kirsten."

18. CDD is the sole original author and owner of a large number of architectural works, including one entitled "9180 Oak Crest Manor" (hereinafter, collectively the works described in paragraphs 16 through 18 will be referred to as the "Copyrighted Works").

19. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1748 Sinclair";

20. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2638 Linden";

21. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1767 Rosebury";

22. **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2311 Pinehurst";

23. **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "898 Hannibal";

24. **Exhibit 6** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2203 Ashton";

25. **Exhibit 7** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8088 Shadow Pines";

26. **Exhibit 8** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8091 Winter Woods";

27. **Exhibit 9** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PPI's "29373 Kirsten"

28. **Exhibit 10** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for CDD's "9180 Oakcrest Manor";

29. On or about June 3, 2013 Plaintiffs first became aware that the Defendants had violated their copyrights in one or more distinct ways. On said date, Plaintiffs saw several infringements of their works on Defendants' website, www.threehammer.com

and preserved them by making screen captures (**Exhibit 11**). The works discovered at that time were:

| Defendants' Plans | Plaintiffs' Infringed Plans |
|---|---|
| Brittany | "1748 Sinclair" |
| Brittany II | "1748 Sinclair" |
| Sinclair | "1748 Sinclair" |
| Heritage | "2638 Linden" |
| Rosenburg | "1767 Rosebury" |
| Vandenburg | "2311 Pinehurst" |
| Yorktown | "898 Hannibal" |
| Ashton | "2203 Ashton" |
| Erin Ridge | "8088 Shadow Pines" |
| Model J | "8091 Winter Woods" |
| Model P | "29373 Kirsten" |
| Stevensport | 9180 Oakcrest Manor |

30. DB's home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan catalogs and other publications, as well as through online publications, including but not limited to DB's website, www.designbasics.com. Additionally, DB regularly and systematically handed out and/or mailed publications containing DB's house plans to members of the National Association of Home Builders ("NAHB"), including those members of the Home Builders Association of the Greater Rockford Area ("HBAGRA"). The Defendants are members of the

HBAGRA, and therefore would have received such publications. One or more of the floor plans and elevations of the Copyrighted Works at issue in this case were within one or more of the plan books handed out and/or mailed by DB to Defendants. Additionally, Defendants entered into DB's database as prospective customers from meeting with DB employees during the 2003 International Builders Show. Since this time, DB has regularly and systematically sent Defendants plan catalogs, one or more of which contained the Copyrighted Works, identified in paragraphs 16 through 28 above.

**31.** At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works. However, when Plaintiffs checked their records, they found that Plaintiffs never licensed any of the ten (10) Copyrighted Works set out in paragraphs 16 through 28 above, to *any* of the Defendants.

**32.** In addition to posting infringing copies of DB's copyright protected works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

33. Each three-dimensional copy constructed by Defendants as alleged in paragraph 29 above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

34. Inasmuch as the Non-Entity Defendants are the current principals and/or managers of the Entity Defendant, or otherwise had control over the Entity Defendants, they had knowledge of their infringing activities, and/or had a financial interest in the infringing activities by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendant's marketing, construction, and/or sales of said infringing houses.

35. The conduct of the Entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of the Non-Entity Defendants personally, as owners, officers, directors and/or managers of the Entity Defendant. The Non-Entity Defendants had the right and ability to supervise the infringing activities, including but not limited to preventing the Entity Defendants from infringing Plaintiffs' works, and/or stopping the infringements once they began. Additionally, on information and belief, the Non-Entity Defendants received pecuniary benefit from the acts of infringement by the Entity Defendant. Accordingly, the Non-Entity Defendants are personally liable to Plaintiffs as joint and/or contributory infringers, or are otherwise vicariously liable.

36. The illicit acts of the Defendants, described in paragraphs 29 through 32 above were done without permission or license from Plaintiffs and are in violation of Plaintiffs' exclusive copyrights in said works. Upon information and belief, the Defendants have regularly and systematically infringed Plaintiffs' copyrights and those of other designers and architects in original architectural works, and have induced others, including individual homeowners, building contractors, and other entities and individuals engaged in the business of home building, to infringe Plaintiffs' copyrights in and to their original architectural works, to the profit of said Defendants, contractors and other home builders, and to Plaintiffs' detriment.

37. Upon information and belief, Defendants have infringed Plaintiffs' copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

## Causes of Action for Non-Willful Copyright Infringement
## Count One

38. DB re-alleges and incorporates paragraphs 15 through 37 above as if fully set forth herein

39. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 16 through 28 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in

violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Two

40. Plaintiffs re-allege and incorporate paragraphs 15 through 37 above as if fully set forth herein.

41. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Three

42. Plaintiffs re-allege and incorporate paragraphs 15 through 37 above as if fully set forth herein.

43. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by creating and/or materially contributing to the creation of derivatives of Plaintiffs' works in the form of two dimensional plans and/or fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Four

44. Plaintiffs' re-allege and incorporate paragraphs 15 through 37 above as if fully set forth herein.

45. Defendants, without knowledge or intent, infringed on one or more of Plaintiffs' copyrighted works identified and described in paragraphs 16 through 28 above by advertising, marketing and/or selling one or more houses based upon copies and/or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

46. Plaintiffs' re-allege and incorporate paragraphs 15 through 45 above as if fully set forth herein.

47. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Six

48. Plaintiffs' re-allege and incorporate paragraphs 15 through 45 above as if fully set forth herein.

49. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Seven

50. Plaintiffs' re-allege and incorporate paragraphs 15 through 45 above as if fully set forth herein.

51. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by creating and/or materially contributing to the creation of derivatives therefrom in the form of two dimensional plans and/or fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Eight

52. Plaintiffs' DB re-allege and incorporate paragraphs 15 through 45 above as if fully set forth herein.

53. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 28 above by advertising, marketing and/or selling one or more houses based upon copies and/or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of their works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

54. Plaintiffs' re-allege and incorporate paragraphs 15 through 52 above as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

55. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted Plaintiffs' copyright management information, or had them removed or omitted from copies of Plaintiffs' works.

56. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

57. At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed

or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiffs' copyrights.

58. Plaintiffs' are entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

59. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs' are entitled to and seek to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For Plaintiffs' actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. Plaintiffs' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Date: June 1, 2016              **LEJUNE LAW FIRM**

                                By:    /S/ Dana A. LeJune
                                         Dana A. LeJune
                                         Texas Bar No.: 12188250
                                         email: dlejune@triallawyers.net
                                         6525 Washington Avenue
                                         Suite 300
                                         Houston, Texas 77007
                                         Tel: 713.942.9898 Telephone
                                         Fax: 713.942.9899 Facsimile

                                         and

                                         /S/Michael T. Hopkins
                                         Michael T. Hopkins
                                         ND IL Bar No. 90785581
                                         SBN: 1014792
                                         email: mth@ip-lit.us

                                         IP-Litigation.US, LLC
                                         757 N. Broadway, Suite 201
                                         Milwaukee, WI 53202
                                         Tel/Fax: 866-735-0515

                                         *ATTORNEYS FOR PLAINTIFF*